IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


DIVAN COCHRELL, No. 25467-044,

      Petitioner,

vs.                                Case No. 17–cv–1347-DRH

WILLIAM TRUE,

      Respondent.


**MEMORANDUM AND ORDER**


**HERNDON, District Judge:**

*Pro se* Petitioner Divan Cochrell, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Relying on the recent case of *Mathis v. United States*, ––– U.S. ––––, 136 S. Ct. 2243 (2016), he argues that his sentence should not have been enhanced as a career offender pursuant to U.S. SENTENCING GUIDELINE § 4B1.1. This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Without commenting on the merits of Petitioner's claims, the Court

concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See United States v. Smith*, 668 F. App'x 653 (mem) (7th Cir. 2016).

### Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before February 21, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
14:09:08 -06'00'

**United States District Judge**