IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIVAN COCHRELL,<br>No. 25467-044,<br><br>Petitioner,<br><br>vs.<br><br>WILLIAM TRUE,<br><br>Respondent. | Case No. 17-cv-1347-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Divan Cochrell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the enhancement of his sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). He relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), arguing that his prior Missouri second-degree burglary conviction no longer qualifies as a "violent felony" to support his classification as a career offender. Now before the Court is Respondent's Motion to Dismiss. (Doc. 12). Petitioner responded to the motion, with a document styled as a "Motion for Leave to Reply to Respondent's Motion to Dismiss." (Doc. 14).

### Relevant Facts and Procedural History

Cochrell was indicted in the Eastern District of Missouri in September 1998 on one count each of kidnapping and carjacking. *United States v. Cochrell*, Case No. 98-cr-380-CEJ (E.D. Mo.). On March 8, 1999, he pled guilty to both

1

charges. ("Exhibit C," Doc. 12-3). In the plea agreement, the parties estimated Cochrell's applicable sentencing range to be 168-210 months, based on an offense level of 31 and criminal history category of V. They agreed that 180 months would be an appropriate sentence, but this agreement was not binding on the court. (Doc. 12-3, pp. 5, 7). The plea agreement contained a waiver of Cochrell's rights to appeal or bring a post-conviction challenge to his conviction and sentence. (Doc. 12-3, p. 2). The court accepted the plea on March 8, 1999. ("Exhibit A," Doc. 12-1).

In June 1999, Cochrell was sentenced to 327 months on the kidnapping count, and a concurrent 300 months on the carjacking count. ("Exhibit D," Doc. 12-4). His Presentence Investigation Report calculated his total offense level at 34 based on the career offender guidelines, with a criminal history category of VI, which yielded a guideline range of 262-327 months.[1] The statutory maximum punishment for the kidnapping offense, 18 U.S.C. § 1201(a)(1), was a life sentence, and the carjacking offense (18 U.S.C. § 2119) carried a statutory maximum penalty of 25 years (equivalent to 300 months). (Doc. 12-3, p. 3).

Cochrell did not file a direct appeal, but challenged his sentence in a motion pursuant to 28 U.S.C. § 2255. *Cochrell v. USA*, Case No. 99-cv-1037-CEJ (E.D. Mo.). On October 30, 2001, the court denied his motion, finding that defense counsel's assistance was not ineffective, and that Cochrell's guilty plea was not coerced. (Doc. 17 in No. 99-cv-1037). Before accepting Cochrell's plea,

---

[1] The Presentence Investigation Report was filed under seal at Doc. 27 in Cochrell's previous habeas corpus action brought pursuant to § 2241 in this Court, *Cochrell v. Warden*, Case No. 13-cv-1293-CJP (S.D. Ill.).

the court had informed him of the maximum statutory penalties for his charges, and of the fact that the Court could impose the maximum as it was not bound by the parties' recommendation of a 180-month sentence. (Doc. 17, p. 2, in No. 99-cv-1037).

Cochrell filed an earlier § 2241 petition in this Court on December 16, 2013. *Cochrell v. Warden*, Case No. 13-cv-1293-CJP (S.D. Ill.); (Doc. 1, p. 6). He argued that under *Begay v. United States*, 128 S. Ct. 1581 (2008), his Missouri second degree burglary conviction was improperly used to sentence him as a career offender under USSG § 4B1.1 because it was not a crime of violence under the residual clause of the Armed Career Criminal Act ("ACCA"). (Doc. 28 in Case No. 13-cv-1293). This Court rejected the *Begay* claim, but dismissed the petition without prejudice in order to allow Cochrell to seek leave from the Eighth Circuit to file a successive § 2255 motion challenging his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA void for vagueness). (Doc. 28, pp. 9-14, in Case No. 13-cv-1293).

On November 3, 2017, the Eighth Circuit denied Cochrell's petition for authorization to file a successive habeas application in the district court to raise the *Johnson* claim. *Cochrell v. United States*, No. 16-2361 (8th Cir.); (Doc. 1, p. 6). He filed the instant Petition on December 13, 2017.

### **Grounds for Habeas Relief**

Petitioner asserts that second-degree Missouri burglary does not qualify as a predicate "violent felony," under the retroactive application of *Mathis v. United*

*States*, 136 S. Ct. 2243 (2016), *United States v. Phillips*, 853 F.3d 432 (8th Cir. 2017) (applying the modified categorical approach to conclude that Missouri second-degree burglary must be of a "building" in order to qualify as a "violent felony"), and *United States v. Smith*, 668 F. App'x 653 (7th Cir. 2016) (sentence vacated where government conceded it could not demonstrate that Smith's Missouri second-degree burglary conviction qualified as a violent felony). He claims eligibility for resentencing and immediate release. (Doc. 1, pp. 3, 7). Because he was sentenced at a time when the Sentencing Guidelines were still mandatory, he argues that Seventh Circuit precedent (*Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013)) dictates that he "automatically" qualifies for resentencing. (Doc. 1, p. 3).

## **Motion to Dismiss**

Respondent argues that this collateral attack is barred by the waiver contained in Cochrell's plea agreement. (Doc. 12; "Exhibit C," Doc. 12-3). The plea agreement states, in pertinent part:

> [B]oth the defendant and the Government hereby mutually agree to waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward or downward departure from the Guideline range that is established at sentencing. . . . the defendant further agrees to waive all rights to contest the conviction or sentence, except for grounds of prosecutorial misconduct or ineffective assistance of counsel, in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255.

(Doc. 12-3, p. 2).

## Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Cochrell argues that his prior conviction for Missouri second-degree burglary does not qualify as a "violent felony" for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. This argument echoes the challenges to Cochrell's career-offender designation raised in his previous § 2241 petition and application to file a successive § 2255 motion, based on *Begay v. United States*, 128 S. Ct. 1581 (2008), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, it is unnecessary to reach the substantive merits of the *Mathis* argument because the Petition must be dismissed for another reason. Respondent is correct that the broad waiver provision of Cochrell's plea agreement bars the instant Petition.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

None of those exceptions apply in the present case. Cochrell's claims on the voluntariness of his plea and the alleged ineffectiveness of counsel were rejected in his earlier post-conviction challenge under § 2255, and he cannot

5

relitigate those issues here. Cochrell argues in his reply (Doc. 14) that his sentence exceeded the "statutory maximum," because his 327-month sentence was longer than the Guideline range, if that range had been calculated without the career-offender enhancement. (Doc. 14, pp. 1-4). Even given the mandatory nature of the pre-*Booker* Guideline range, however, Cochrell's *statutory* maximum sentence for kidnapping was life, as provided in 18 U.S.C. § 1201(a)(1). As noted above, his 327-month sentence fell below this statutory maximum, not above it. Similarly, the concurrent 300 months for carjacking did not exceed the statutory maximum set in 18 U.S.C. § 2119.

A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is instructive here. Raising a similar claim as in the instant Petition, McGraw argued that the convictions used to categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S. Ct. 1581 (2008). The Seventh Circuit

enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

Also pertinent to Cochrell's case is *United States v. Lockwood*, 416 F.3d 604 (7th Cir. 2005), which rejected a challenge by a defendant sentenced under the pre-*Booker* mandatory sentencing guidelines. *See United States v. Booker*, 543 U.S. 220 (2005) (holding that sentencing guidelines were advisory, not mandatory). The *Lockwood* court stated:

> Lockwood knowingly and intentionally waived his right to appeal his sentence for *any reason* . . . . The fact that Lockwood, the government, and the district court failed to anticipate *Booker* or its sweeping effect on federal guidelines sentencing does not change this conclusion. There simply is nothing special about *Booker* that would preclude enforcement of an otherwise valid appeal waiver.

*Lockwood*, 416 F.3d at 608 (citations omitted). *See also United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) (rejecting the argument that *Booker* created a "sea change" in the law leading to another exception to the rule of enforceability of an appeal waiver).

Cochrell's plea agreement waived "all rights to appeal whatever sentence is imposed, *including any issues that relate to the establishment of the Guideline range*, reserving only the right to appeal from an upward or downward departure from the Guideline range that is established at sentencing." (Doc. 12-3, p. 2) (emphasis added). Petitioner thus gave up his right to challenge the Court's calculation of the applicable Guideline range based on its conclusion at sentencing (which was correct under the law in 1999) that he qualified as a "career criminal."

7

He reserved the right to appeal from an upward departure from the Guideline range, but there was no such departure – his sentence was within the career-criminal sentence range of 262-327 months. Under the authority discussed above, the fact that the sentencing court established a guideline range higher than what Cochrell and the government anticipated did not open an opportunity for Cochrell to challenge the sentence.

Most importantly for the instant action, Cochrell gave up "all rights to contest the conviction or sentence . . . in any post-conviction proceeding." (Doc. 12-3, p. 2). This waiver unambiguously encompasses the present § 2241 Petition. The plea agreement's exceptions to the waiver, for prosecutorial misconduct or ineffective assistance of counsel, are not applicable here.

Cochrell has not set forth any convincing grounds to deny enforcement of his voluntary and knowing waiver of the right to bring a post-conviction challenge. Accordingly, this action shall be dismissed.

## **Disposition**

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 12) is **GRANTED**.

Cochrell's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED.

R. App. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.12
05:41:37 -05'00'

United States District Judge